UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT REEVES,<br><br>     Plaintiff,<br><br>v.<br><br>STEPHNEY FLOREK et al.,<br>     Defendants. | Case No. 24-11653<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**ORDER OVERRULING DEFENDANT A. FLOREK'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NOS. 41, 25)**

I. **Introduction and Background**

Robert Reeves, a *pro se* prisoner, filed this 42 U.S.C. § 1983 action against defendants Alinda Florek ("A. Florek"), Beth Robinson ("Robinson"), Clarence Kelly ("Kelly"), John Doe ("Doe") (collectively the "MDOC defendants") and Stephney Florek ("S. Florek") alleging violations of his First, Eighth, and Fourteenth Amendment rights, "breaches of the Prison Rape Elimination Act," and "the torts of Assault and Battery and Sexual

Assault."[1] ECF No. 1. This action was referred for all pretrial matters to the assigned magistrate judge. ECF No. 13. On April 4, 2025, the magistrate judge issued a report and recommendation (R&R) finding that there is a genuine issue of material fact as to whether Reeves's claim for retaliation against defendant A. Florek was exhausted, and recommending that the Court deny the MDOC defendants' motion for summary judgment (ECF No. 25) as to Reeves's claims against A. Florek. ECF No. 41. The R&R concluded that Reeves did not exhaust his grievances against Robinson, Kelly, and Doe and recommends the Court grant the motion for summary judgment as to these defendants.[2] *Id*. At the conclusion of the R&R, the magistrate judge notified the parties that they must file any objections to the R&R within fourteen days. *Id.* The MDOC defendants timely filed objections to the R&R with respect to its findings and recommendation for Reeves's claims against A. Florek, and Reeves filed a response to those objections. ECF Nos. 43, 44.

---

[1] The Court adopts and thus relies upon the detailed recitation of relevant facts contained with the Report and Recommendation. ECF No. 41, PageID.286-93.

[2] S. Florek, proceeding pro se, filed an answer to Reeves's complaint denying his allegations against her. ECF No. 22.

## II. Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III. Analysis

The MDOC defendants raise two objections to the R&R as it relates to Reeves's claims against A. Florek. ECF No. 43. The Court has made a *de novo* determination of those portions of the R&R to which defendants object and reaches the same conclusion as the magistrate judge.

**A. Objection 1**

First, the MDOC defendants argue that the R&R improperly considered arguments that Reeves did not advance regarding the exhaustion of his grievance against A. Florek for retaliation. The MDOC defendants suggest that the magistrate judge "abandon[ed] its position of neutrality in favor of a role equivalent to champion for [Reeves]: seeking out facts, developing legal theories, and finding ways to defeat [MDOC defendants'] motion" by broadly construing Reeves's grievance against A. Florek to encompass a claim for retaliation. The Court disagrees and overrules this objection.

Contrary to the MDOC defendants' argument, the magistrate judge did not stray from her role as neutral arbiter in reading the complaint, the relevant grievance, and Reeves's response brief in opposition to the motion for summary judgment to assert that A. Florek's accusations of misconduct against Reeves, which landed him in segregation, were in retaliation for his involvement with A. Florek's sister. ECF No. 1, PageID.9-10; ECF No. 25-4, PageID.159; ECF No. 27. At most, the magistrate judge employed the liberal construction courts are required to apply to pro se party filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Indeed, paragraph 32 of

Reeves's complaint clearly articulates an allegation that A. Florek manufactured a false misconduct report and had Reeves placed in segregation to retaliate against Reeves for his role in MDOC's termination of S. Florek, A. Florek's sister. ECF No. 1, PageID.9-10. And Reeves's Step I Grievance forthrightly states his claim of retaliation against A. Florek, notwithstanding the MDOC defendants' selective quotation to suggest otherwise. ECF No. 25-4, PageID.159. "I am being held with (sic) in seg[regation] pending transfer and no one will listen because it is payback for what happen (sic) 2 years ago and they are helping." *Id*. The Step I grievance goes on to detail that a former MDOC employee (S. Florek) was allowed to influence a current MDOC employee (A. Florek) "to retaliate against a prisoner For their cause of being Fired 2 years ago Base on their relationship…" *Id*.

    The MDOC defendants argue that Reeves's failure to directly mention the misconduct ticket issued to Reeves by A. Florek in the Step I grievance means he did not exhaust his remedies as to that claim. "[T]he PLRA does not require [p]laintiffs to differentiate between the consequence of the condition and the cause." *Bailey v. Washington*, 784 F. Supp. 3d 997, 1002-03 (E.D. Mich. 2025) (grievance explicitly mentioning mold put

defendant on notice about the poor ventilation in the building). Reeves's placement in segregation—the adverse action the grievance explicitly challenged—was the result of the misconduct ticket, and the incident date noted on the Step I grievance, November 15, 2023, was the same date A. Florek issued the ticket. Given these circumstances, the Court agrees with the R&R's conclusion that a reasonable trier of fact could find that Reeves's Step I grievance encompassed the misconduct ticket as part of his retaliation claim, or, in any event, provided fair notice to prison officials of his claim against A. Florek. ECF No. 41, PageID.298-99. Accordingly, the Court overrules the MDOC defendants' first objection.

### B. Objection 2

For their second objection, the MDOC defendants argue that the R&R improperly allowed Reeves to challenge the timeliness rejection of his Step I grievance because he did not do so during the grievance process. ECF No. 43, PageID.325-26. The MDOC defendants rely upon *Wilson v. Joseph*, which held that plaintiff's rejected grievances did not exhaust his claims against defendants because he did not contest the procedural defaults at the next applicable step. *See* 2024 WL 4100490, at *13 (E.D. Mich. Sept. 4, 2024). The Court finds that case distinguishable from the

one before it because, unlike Reeves, the plaintiff in *Wilson* never contested the procedural defaults in a grievance and instead challenged their validity for the first time in his court action. *See id*. Here, although Reeves did not address the timeliness issue in his Step II grievance, he emphasized at Step III that he had reasonable cause for delay because he was in segregation. ECF No. 25-4, PageID.157.

As another court in this district recently explained, "MDOC's policy does not say that appeals of grievance denials must challenge the procedural grounds for the denial. On the contrary, it simply states that '[a] grievant whose grievance is rejected may appeal the rejection to the next step as set forth in this policy.' Similarly, there is no such qualification in the policy's instructions for filing a Step II grievance (i.e., the first appeal) or a Step III grievance (i.e., the second and final appeal)." *Savoie v. Oliver*, 731 F. Supp. 3d 862, 872 (E.D. Mich. 2024) (quoting MDOC Policy Directive 03.02.130 ¶ I (effective Mar. 18, 2019)). Moreover, Reeves's challenge to the untimeliness rejection at Step III satisfied the grievance process's purpose by providing prison officials time and opportunity to assess the propriety of the Step I rejection for untimeliness. *See Porter v. Nussle*, 534

U.S. 516, 523 (2002). The MDOC defendants' second objection is therefore overruled.

Notably, defendants bear the burden of showing that the grievance screener's reasoning for the rejection was proper under the facts. *Bailey*, 784 F. Supp. 3d at 1011(citing *Bailey v. Michigan Dep't of Corr.*, 2020 WL 4934314, at *5 (E.D. Mich. Aug. 24, 2020) (questionable rejection of a grievance "raises a question of fact because an improper rejection would constitute exhaustion"). But neither the Step I nor the Step III MDOC response assesses the validity or even acknowledges Reeves's proffered reason for delay. ECF No. 25-4, PageID.160-61. In fact, the MDOC responses do not specify if the disqualifying tardiness stemmed from Reeves delay in attempting to resolve the issue prior to writing the grievance, in submitting the Step I grievance itself, or both. *Id*.  The MDOC defendants have not met their burden of showing that the rejection of Reeves's grievances against A. Florek as untimely was proper. Thus, a genuine issue of material fact as to whether Reeves failed to exhaust his administrative remedies for his retaliation claim against A. Florek precludes summary judgment on this claim.

## IV. Conclusion

For the reasons discussed, the Court **ADOPTS** the magistrate judge's R&R (ECF No. 41) and **GRANTS IN PART AND DENIES IN PART** the MDOC defendants' motion for summary judgment. ECF No. 25.

The Court **GRANTS** the MDOC defendants' motion for summary judgment as to Robinson, Kelly, and Doe, and **DENIES** it as to A. Florek. Reeves's claims against Robinson, Kelly, and Doe are **DISMISSED**. His claims against A. Florek and S. Florek survive.

**IT IS SO ORDERED.**

Dated: September 30, 2025

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge