UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT REEVES,

          Plaintiff,

v.

STEPHNEY FLOREK et al.,

          Defendants.

Case No. 24-11653
Honorable Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 40) AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NOS. 37, 39)**

## I.    Introduction and Background

Robert Reeves, a *pro se* prisoner, filed this 42 U.S.C. § 1983 action against defendants Alinda Florek ("A. Florek"), Beth Robinson ("Robinson"), Clarence Kelly ("Kelly"), John Doe ("Doe") (collectively the "MDOC defendants") and Stephney Florek ("S. Florek") alleging violations of his First, Eighth, and Fourteenth Amendment rights, "breaches of the Prison Rape Elimination Act," and "the torts of Assault and Battery and Sexual Assault." ECF No. 1. Defendant Stephney Florek, proceeding *pro se*, has filed an answer to the complaint generally denying the allegations against

her. ECF No. 22. This action was referred for all pretrial matters to the assigned magistrate judge. ECF No. 13.

Reeves moved for default judgment under Federal Rule of Civil Procedure 55(a) based on S. Florek's alleged "fail[ure] to plead or otherwise defend this action." ECF No. 37, PageID.262. The magistrate judge issued a Report and Recommendation (R&R) recommending that the Court deny Reeves' motion because, as required by Rule 55(a) he applied for – and was denied – both a Clerk's entry of default and a judgment of default. ECF Nos. 31, 32, 33. The R&R also notes that under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, defendants are not required to file answers to lawsuits brought by incarcerated individuals. *See* 42 U.S.C. § 1997e(g)(1); *Searcy v. Macomb Cty. Jail*, No. 2:10-CV-11242-DT, 2011 WL 7665794, at *1 (E.D. Mich. Sept. 21, 2011) (citing cases), *report and recommendation adopted*, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012). Reeves filed timely objections to the R&R. ECF No. 40.

## II.   Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

III. **Analysis**

Reeves's objections do not address the R&R's correct conclusion that default judgment against S. Florek is improper under the Federal Rules of Civil Procedure and the PLRA. Nevertheless, the Court addresses Reeves's objections as follows.

**A. Objection 1**

Reeves first asserts that S. Florek's answer to his complaint is "non-conforming" because it fails to provide a certificate of service, is "non-sworn," and should be stricken as inadmissible hearsay. ECF No. 40, PageID.281. However, this objection seems to reference S. Florek's

answer as being part of defendants' motion for summary judgment. S. Florek did not join in the MDOC defendants' motion for summary judgment, and her answer was not considered by the magistrate judge in her analysis. This objection is thus overruled.

### B. Objection 2

Reeves' final objection alleges he did not receive S. Florek's answer to his complaint until "after the default was filed," which created a "material prejudice and due process violation…." ECF No. 40, PageID.282. This objection is also without merit. The R&R states that Reeves will be provided a copy of S. Florek's answer along with his copy of the R&R. *See* ECF No. 39, PageID.277. Through discovery and motion practice, Reeves will have the opportunity to respond to the facts set forth in S. Florek's answer. As such, the Court finds that Reeves has not suffered any prejudice and this objection is overruled.

### IV. Conclusion.

For these reasons, the Court **OVERRULES** Reeves' objections (ECF No. 40), **ADOPTS** the R&R (ECF No. 39), and **DENIES** Reeves' motion for default judgment (ECF No. 37).

**IT IS SO ORDERED.**

|  |  |
|---|---|
| Dated: September 30, 2025 | s/ Shalina D. Kumar<br>SHALINA D. KUMAR<br>United States District Judge |